26 FRANKLIN COUNTY COMMON PLEAS.

Atcherson et al vs. Morain et al.     [Vol. 23 (N.S.)

## PROCEDURE OF COUNTY COMMISSIONERS AND TOWNSHIP TRUSTEES WITH REFERENCE TO IMPROVE- MENT OF A HIGHWAY.

Common Pleas Court of Franklin County.

FRED W. ATCHERSON, COUNTY COMMISSIONER, ET AL v. C. M. MORAIN, TRUSTEE, ET AL.*

Decided, December Term, 1919.

*Roads—Improvement of with State Aid—Liability of Townships to County for Share of Cost—Apportionment among Abutting Property Onwers—Construction of Amended Section 1200.*

1. Section 1200, General Code, as amended in 103 O. L., 455, is permissive in form and substance and does not compel the county commissioners to require of township trustees the procedure therein mentioned as a condition precedent either to the construction of the proposed improvement or to the liability of the township and the abutting property owners upon completion of the improvement.

2. Where a highway improvement has been made with state aid granted on application of the county commissioners, in accordance with highway laws as amended in 103 O. L., 449, etc., the township or townships through which said improvement passes are under a liability to the county for the townships' share of the cost as defined in Section 1208, General Code (103 O. L., 456), and the trustees thereof are, in such cases, required to apportion the amount to be paid by the abutting property owners according to the benefits accruing to the owners of the land so located, unless such share has been waived and assumed by the county commissioners upon a resolution adopted by them as provided in Section 1210-1 General Code (103 O. L., 457).

*Hugo N. Schlesinger,* prosecuting attorney and *John H. Summers,* assistant prosecutor, for plaintiffs.

*Donaldson & Tussing,* contra.

SOWERS, J.

Two actions are brought by the prosecuting attorney upon behalf of the county commissioners against the trustees of

---

* Affirmed by the Court of Appeals for the Fourth District, June 16, 1920.

NISI PRIUS REPORTS—NEW SERIES.        27

1920.]        Atcherson et al vs. Morain et al.

pleasant township, Franklin county, Ohio, asking for a mandatory writ in one cause of action, commanding the defendants to make a certain apportionment among the abutting property owners for the improvement of a highway passing through said Pleasant township, and that they be required to certify to the auditor of Franklin county, Ohio, for collection the amount so apportioned, and in the other cause of action praying for a money judgment against the trustees of the township for their three-fifths of a twenty-five per cent. apportionment to cover costs of the improvement of said highway.

The petitions set out that the county commissioners, by proper resolution, in December, 1913, found that the public interest demanded the improvement of Section H, inter-county highway, No. 50, situate in said Franklin county and running southwesterly through Franklin, Jackson and Pleasant townships to its intersection with the boundary line of Pickaway and Franklin counties.

The petitions further state that the contract for the construction of the road was finally let by the state highway commissioner to one W. O. Jewett for the sum of $43,000 and that by a supplemental contract thereto, an additional contract was let to said Jewett for the sum of $1,400 making a total for engineering and superintendence covering the original and supplemental contracts of $46,277.82, of which sum the commissioners of Franklin county paid $23,138.92 and the state of Ohio paid the sum of $23,139.90.

The petitions further allege that the county commissioners did not waive any part of the apportionment of the costs and expenses as provided by law to be paid by the townships and abutting property owners, and guaranteed that said sum, necessary for said improvement would at all times be available when needed in the construction of said highway.

The defendants filed a general demurrer to both petitions. The demurrers are based upon the construction of certain statutes contained in the General Code, numbered from 1200 to 1210-1 inclusive, and particularly Section 1200, which in its original form (99 Ohio Laws, page 310), provided that before

their approval (the county commissioners), they shall require that the township or townships through which the road extends *shall* pay twenty-five per cent. of the costs thereof, and that the trustees, by resolution thereof, *shall* approve its construction. This section was amended in 1911, Vol. 102 O. L., page 341, Section 26, so that the wording of the section was changed in some particulars, but the important change was that the word ''shall' became ''may'' and it now provides that before their approval of the proposed highway improvement the county commissioners *may* require that the trustees of the township or townships through which the road extends agree to pay twenty-five per cent. of the cost and expense thereof and approve its construction. Defendants claim by reason of the failure of the commissioners to follow this statute and their failure to give any notice to the trustees, that they were justified in refusing to pay the township's apportionment as fixed in Section 1208.

Section 1200 of the General Code must be construed in connection with the following sections, which were passed or amended at the same time. When the original section was passed it was mandatory under the provision of Section 1200 for the commissioners before making a highway improvement to require the trustees of any township through which the proposed improvement was to extend to assume in the first instance, by proper resolution, the apportionment of twenty-five per cent. thereof, but after its amendment, when the word ''shall'' was changed to ''may'' construed in connection with the following sections of the code relating to the improvement of highways, this action on the part of the county commissioners requiring them to have the township trustees agree to pay twenty-five per cent. and to approve the construction of the proposed highway became optional with the commissioners and does not support the claim that the trustees of a township must be notified in advance of such proposed improvement, or that the commissioners are compelled, as a condition precedent to the township's and abutting owner's liability, to require the township trustees to approve by resolution the construction and agree to pay any part of the cost thereof.

NISI PRIUS REPORTS—NEW SERIES.        29

1920.]            Atcherson et al vs. Morain et al.

At the time of the adoption of Section 1200, Sections 1206 to 1210 inclusive, appearing in 99 Ohio Laws, 314, were as follows:

"Section 1206. One-half of the cost and expenses of the construction of the improvement shall be paid by the treasurer of state upon the warrant of the auditor of state issued upon the requisition of the state highway commissioner, from a specific appropriation made to carry out the provisions of this chapter.

"Section 1207. One-half of the cost and expenses of such improvement shall be paid by the treasurer of the county in which the highway is located upon the order of the county commissioners, issued upon the requisition of the state highway commissioner, from any funds in the county treasury for the construction of improved highways under the provisions of this chapter. One-half of the amount so paid by the county shall be apportioned by the county commissioners to the township or townships and the abutting property as provided in the next section.

"Section 1208. One-fourth of the cost and expense of such improvement shall be apportioned to the township in which such road is located. Of the amount so apportioned to the township, three-fifths shall be charged upon the whole township and two-fifths shall be a charge upon the property abutting on the improvement. The township trustees shall apportion the amount to be paid by the abutting property according to the benefits accruing to the owners of lands so located. At least ten days' notice of the time and place of making such apportionment shall be given to persons affected thereby, and an opportunity given them to be heard in the manner provided by law for the assessment of the costs of establishing county roads.

"Section 1210. The township trustees shall certify the assessment to the county auditor, who shall place it upon the tax duplicate against the property benefitted. The county treasurer shall collect such assessment in the same manner as other taxes are collected, and in such payments as may be approved by the county auditor. The township trustees shall pay the portion of the costs and expenses assessed to the township in the same manner as other claims are paid."

These sections were amended by the act of May 31, 1911, but said amendments did not change the percentages which were to be assumed by the township or townships and the property owners, nor did they affect the mandatory terms requiring

30     FRANKLIN COUNTY COMMON PLEAS.

Atcherson et al vs. Morain et al.     [Vol. 23 (N.S.)

the township or townships and abutting property owners to bear their share of such improvement. When these sections were amended in 1911, there was also adopted at the same time Section 1210-1, 102 Ohio Laws, 344, which provides as follows:

"Section 1210-1. The county commissioners of a county in which a highway is constructed under the provisions of this act may, by resolution, waive any part or all of the apportionment of the cost and expense of such highway as herein provided to be paid by the township or townships or abutting property owners, and assume any part or all of the cost and expense of such highway improvement in excess of the amount received from the state up to the entire cost and expense of such highway improvement without any assessment whatsoever upon any township or townships or the property abutting on such highway. The township trustees of any township in which a highway is constructed under the provisions of this chapter may, by resolution, waive any part or all of the apportionment of the cost and expense of such highway as herein provided to be paid by the county or abutting property owners and assume any part or all of the cost and expense of such highway improvement without an assessment upon the county or owners of abutting property upon such highway."

While this section was slightly amended in Volume 103, Ohio Laws, it remains substantially in its original form.

It thus appears from these sections and the amendments thereto that the state had adopted a policy for the improvement of its public highways, namely that fifty per cent. of the cost thereof should be paid by the state and the remaining fifty per cent. by the county, in which the roads were improved, and of this fifty per cent., twenty-five per cent. of the cost thereof should be paid by the township or townships through which the improved road extended, three-fifths of the twenty-five per cent. by the township and two-fifths thereof by the abutting property owners. These provisions of the General Code in their original form at the time of the adoption of Section 1210-1, G. C., were all mandatory and the above proportions of the improvement had to be paid by the respective parties in these proportions. No question could have been raised as to these proportions or the form or procedure at that time, namely when

the sections were originally adopted. However, as the improvement of the public highways progressed it was found expedient to alter the original provisions and give the county commissioners and township trustees some option as to the expense and the proportion of the costs which they would assume respectively. In other words, the counties might bear any part or all of the expenses of any improvement within its borders and likewise the townships might bear any part or all of the costs of such improvement within its borders. These amendments were unquestionably made to fit the varying conditions which prevailed throughout the state and the ability of the various parties to pay.

When these amendments were made, giving the counties and township trustees options as to the proportions which they would or should pay, it was necessary for the Legislature to have conformity in the provisions of said statutes, and therefore Section 1208 was amended by including at its beginning "except as otherwise provided," that is, unless the county or townships agreed to pay more than their respective proportions as provided in Section 1210-1, then it was mandatory upon them to pay the amounts fixed by Section 1208. It therefore appears that the amendment did not release the respective parties of their obligations to pay their proportions as established by the statutes unless the commissioners took action as provided by Section 1210-1, whereby the township or townships might be relieved by resolution of the commissioners. It would seem that Section 1210-1 gave the county commissioners authority by resolution to waive any part or all of the apportionment provided to be paid by the township or townships or abutting property owners and giving them (the commissioners) authority to assume any part or all of the cost and expense of such highway improvement in excess of the amount received from the state. This did not create a new or different obligation, as it had already existed, but gave the commissioners the power and authority, by proper resolution, to waive the apportionment to be paid by the township or townships. The ten days notice provided for in Section 1208, refers to the time to be given the abutting property owners of the time and place of

making such apportionment and does not relate to the time of making the improvement.

It appears in the petition that the county commissioners did not waive by resolution or otherwise the twenty-five per cent. which was chargeable to the townships through which the improved road extended, and it therefore follows, notwithstanding the failure of the commissioners to avail themselves of the permissive provisions of Section 1200, G. C., that the petitions state causes of action and that the demurrers should accordingly be overruled.